**UNITED STATES of America,**
**Plaintiff–Appellee**

v.

**Samuel CORTES–BELTRAN,**
**Defendant–Appellant.**

**No. 08–10550**
**Conference Calendar.**

United States Court of Appeals,
Fifth Circuit.

Oct. 8, 2008.

Cody Lee Skipper, U.S. Attorney's Office, Northern District of Texas, Lubbock, TX, for Plaintiff–Appellee.

Kevin Joel Page, Federal Public Defender's Office, Northern District of Texas, Dallas, TX, Sherylynn Ann Kime–Goodwin, Assistant Federal Public Defender Federal Public Defender's Office, Northern District of Texas, Lubbock, TX, for Defendant–Appellant.

Before JOLLY, BARKSDALE, and HAYNES, Circuit Judges.

PER CURIAM: *

Appealing the Judgment in a Criminal Case, Samuel Cortes–Beltran presents arguments that he concedes are foreclosed by *United States v. Gomez–Herrera*, 523 F.3d 554, 557–64 (5th Cir.), *petition for cert. filed* (July 2, 2008) (No. 08–5226), which held that any disparity in sentencing between fast-track and non-fast-track jurisdictions is a function of Congressional policy and is not "unwarranted" under 18 U.S.C. § 3553(a)(6), and by *United States v. Rodriguez*, 523 F.3d 519, 526–27 (5th Cir.), *petition for cert. filed* (June 30, 2008) (No. 08–5101) which held that the lack of a fast-track program does not result in a violation of equal protection rights. *See also United States v. Lopez–Velasquez*, 526 F.3d 804, 808 (5th Cir.), *petition for cert. filed* (July 25, 2008) (No. 08–5514). Cortes–Beltran also raises arguments that he concedes are foreclosed by *United States v. Brown*, 920 F.2d 1212, 1216–17 (5th Cir.1991), *abrogated on other grounds by United States v. Candia*, 454 F.3d 468, 472–73 (5th Cir.2006), which held that a district court may order a term of imprisonment to run consecutively with an unimposed state sentence. The appellant's motion for summary disposition is GRANTED, and the judgment of the district court is AFFIRMED.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR R. 47.5.4.